UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO KOZLOWSKI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HUIB STROOMBERG, et al., <br><br> Defendants. | No. 2:13-cv-00291-JAM-DAD <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT STROOMWELL INVESTMENT GROUP INC.'S MOTION TO DISMISS** |

Presently before the Court is Defendant Stroomwell Investment Group, Inc.'s ("Defendant") Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. ## 27-28). Plaintiffs Marco Kozlowski, Brad Wakeman, Kadri A. Egbeyemi, the Kozlowski/Wakeman/Egbeyemi Partnership, and Luxury Home Solutions, Inc.'s (collectively "Plaintiffs") filed a Response (Doc. #39) and a Statement of Disputed Facts (Doc. #41) in opposition to Defendant's motion.[1]

///

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was originally scheduled for July 24, 2013.

1

I.   BACKGROUND

This action arises out of Plaintiffs' allegation that Defendant, acting through its agent and co-defendant Mihai Algiu ("Algiu"), committed fraud when selling Plaintiffs a piece of property located in Cerbere, France (the "Cerbere Property"). Plaintiffs allege that Algiu misrepresented the condition of the property in making the sale. Plaintiffs concede that the property was represented as unfinished when they agreed to buy it, but they allege that Algiu promised that the construction would be completed by June 1, 2011. Plaintiffs allegedly sent funds totalling $258,630.24 as a down payment on February 10 and 14, 2011. Plaintiffs allege that construction on the property was never completed. Plaintiffs also allege that Algiu represented himself as a sales agent of Defendant throughout the sale process.

Plaintiffs contend that Algiu, allegedly acting on behalf of Defendant and co-defendants Huib Stroomberg, George Stroomberg, Angelic Stroomberg, Dick Stroomberg, and Riemke Koolen attempted to extend the time for completion several times and add new terms to the sales agreement after the down payment was made, but Plaintiffs refused to add additional terms to the agreement. In Spring of 2012, Plaintiffs demanded a return of their deposit. Defendants allegedly refused on July 31, 2012 to refund the deposit and threatened to sue to obtain specific performance of the sales contract. Plaintiffs then filed the present lawsuit.

Plaintiffs also allege that all defendants engaged in an ongoing conspiracy to commit fraud. Plaintiffs' allegations are based on a 2009 case filed before this Court, Case No. 2:09-CV-

00625-JAM-DAD (the "Minne/Lohman case"), wherein plaintiffs Edith Minne and Bonnie Lohman alleged that Defendant along with other co-conspirators misrepresented the state of the same Cerbere property in order to elicit investment funds from them. Defendant allegedly conspired to convert the funds to its own use. That case was voluntarily dismissed by the plaintiffs subject to a stipulation under which Defendant and its alleged co-conspirators were to complete and/or sell the Cerbere property.

In this suit, Plaintiffs bring the following claims: 1) Civil Racketeer Influenced and Corrupt Organizations ("RICO"), 18 U.S.C. § 1962(c); 2) Fraud; 3) Unlawful, Deceptive, and Unfair Business Practices, Cal. Bus. & Prof. Code § 17200, et seq.; 4) Unfair, Deceptive and Misleading Advertising, Cal. Bus. & Prof. Code § 17500; 5) Breach of Fiduciary Duty; 6) Aiding and Abetting Breach of Fiduciary Duty; and 7) Unjust Enrichment and Imposition of Constructive Trust. The Court has jurisdiction over Plaintiffs' federal civil RICO claim pursuant to 28 U.S.C. § 1331 and Plaintiffs' related state claims pursuant to 28 U.S.C. § 1367.

## II.   OPINION

### A.   Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly,

1  556 U.S. 662, 570 (2007).  In considering a motion to dismiss, a
2  district court must accept all the allegations in the complaint
3  as true and draw all reasonable inferences in favor of the
4  plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974),
5  overruled on other grounds by Davis v. Scherer, 468 U.S. 183
6  (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  "First, to be
7  entitled to the presumption of truth, allegations in a complaint
8  or counterclaim may not simply recite the elements of a cause of
9  action, but must sufficiently allege underlying facts to give
10 fair notice and enable the opposing party to defend itself
11 effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir.
12 2011), cert. denied, 132 S. Ct. 2101, 182 L. Ed. 2d 882 (U.S.
13 2012).  "Second, the factual allegations that are taken as true
14 must plausibly suggest an entitlement to relief, such that it is
15 not unfair to require the opposing party to be subjected to the
16 expense of discovery and continued litigation."  Id.  Assertions
17 that are mere "legal conclusions" are therefore not entitled to
18 the presumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678
19 (2009) (citing Twombly, 550 U.S. at 555).  Dismissal is
20 appropriate when a plaintiff fails to state a claim supportable
21 by a cognizable legal theory.  Balistreri v. Pacifica Police
22 Department, 901 F.2d 696, 699 (9th Cir. 1990).
23     Upon granting a motion to dismiss for failure to state a
24 claim, a court has discretion to allow leave to amend the
25 complaint pursuant to Federal Rule of Civil Procedure 15(a).
26 "Dismissal with prejudice and without leave to amend is not
27 appropriate unless it is clear . . . that the complaint could not
28 be saved by amendment."  Eminence Capital, L.L.C. v. Aspeon,

4

Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

B. Discussion

The main argument raised in Defendant's Motion to Dismiss is that Plaintiffs' claims relate to the sale of investment interests, but the face of the complaint in addition to materials attached to the complaint show that Plaintiffs were involved in a straightforward real estate transaction turned sour that at most gives rise to a breach of contract claim. Defendant therefore argues that Plaintiffs' claims, which sound in fraud, are insufficiently pled.

Plaintiffs generally respond to Defendant's motion by arguing that they failed to comply with the local rules applicable to motions for summary judgment. This motion, however, is made under Federal Rule of Civil Procedure 12(b)(6), so the local rules identified by Plaintiffs simply do not apply. The following analysis is made under the applicable legal standard as stated in the preceding section.

1. Particularity of Pleading, Rule 9(b)

Defendant argues that Plaintiffs' complaint does not meet the heightened pleading standard applied under Federal Rule of Civil Procedure 9(b) to allegations of fraud. Defendant argues that the complaint does not attribute a single specific misrepresentation to it and that the complaint therefore relies on a guilt-by-association theory. Plaintiffs respond that the complaint alleges all of the necessary elements of fraud with respect to Defendant.

"The elements of a cause of action for fraud in California are: '(a) misrepresentation (false representation, concealment,

or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.'" Kearns v. Ford Motor Co., 567 F.3d 1120, 1126 (9th Cir. 2009) (quoting Engalla v. Permanente Med. Group, Inc., 15 Cal.4th 951, 974 (1997)).  Under the heightened pleading standard in the federal rules, a plaintiff must also allege the specific circumstances constituting fraud such that the defendant has notice of the actual misconduct.  Id. at 1124.  "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged."  Id. (quoting Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)).

In this case, Plaintiffs do not allege that Defendant itself made any specific misrepresentation.  They do, however, allege that Defendant Mihai Algiu was an agent of Defendant.  Compl. ¶ 28.  The gist of Plaintiffs' claim for fraud is that Algiu knowingly misrepresented the state of the Cerbere project and induced Plaintiffs to make their down payment even though he knew the project would not be completed by the promised June 1, 2011 date.  Compl. Ex. 8.  Defendant Algiu's email to Plaintiffs constitutes a specific statement that contains an alleged misrepresentation, i.e., that the Cerbere project would be completed by June 1, 2011.  Under California law, the failure to perform according to a promise gives rise to inference of fraud.  See Kaylor v. Crown Zellerbach, Inc., 643 F.2d 1362, 1368 (9th Cir. 1981).  The allegations concerning Defendant Algiu's misrepresentation, in light of the alleged failure to complete construction on the Cerbere project as promised, satisfies the

6

pleading requirements for a cause of action for fraud.

The remaining question is whether or not Defendant can be held liable for the misrepresentation of its alleged agent. It is black letter law that a principal is liable for the fraud of its agent while that agent is apparently acting within his authority. Hartong v. Partake, Inc., 72 Cal. Rptr. 722, 733-34 (Ct. App. 1968) (explaining that California courts adopt Restatment Second of Agency §§ 261-262). Defendant's motion to dismiss on this ground therefore fails because if the allegations in the complaint are proven, Defendant may be liable for its agent's misrepresentations.

  2.  California Business and Professions Code §§ 17200, 17500

Defendant next argues that Plaintiffs' Business and Professions Code claims under §§ 17200 and 17500 are inadequately pled because when claims under those sections sound in fraud, they must meet the heightened pleading standard in Rule 9(b). Defendant's motion fails on this point for the same reasons discussed in the preceding section.

  3.  Fiduciary Duty

Defendant argues that the Fifth and Sixth causes of action are insufficiently pled because there is no basis for finding an agency relationship between Defendant and Plaintiffs and therefore no basis for finding the existence of a fiduciary duty to Plaintiffs from Defendant. Plaintiffs respond by pointing to allegations supporting an agency relationship between Algiu and Defendant.

A defendant is only liable for breach of fiduciary duty

under California law if it owed a duty of care to the plaintiff. Maganallez v. Hilltop Lending Corp., 505 F. Supp. 2d 594, 608 (N.D. Cal. 2007) (citing McCollum v. Friendly Hills Travel Ctr., 217 Cal. Rptr. 919, 923 (Ct. App. 1985)). "An agent owes a duty to its principal and must act in the interest of the principal . . . ." Id.

In this case, Plaintiffs' complaint and their argument in opposition to this motion are clearly anchored in the theory that Algiu was an agent for Defendant, not Plaintiffs. In the absence of an agency relationship between Defendant and Plaintiffs, either directly or through Algiu, Plaintiffs' Fifth and Sixth causes of action are legally insufficient. Defendant's motion to dismiss these claims is therefore granted. Because it is not clear at this stage that Plaintiffs are unable to state a claim for breach of fiduciary duty, they are granted leave to amend these claims.

          4.   Civil RICO Claims

Defendant challenges the sufficiency of Plaintiffs' civil RICO claim. First, Defendant argues that the allegations related to the overall corrupt scheme are false on their face. Next, Defendant argues that the remaining elements of a civil RICO claim are not adequately pled.

"The elements of a civil RICO claim are as follows: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to [the] plaintiff's 'business or property.'" Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 361 (9th Cir. 2005) (quoting Grimmett v. Brown, 75 F.3d 506, 510 (9th

8

Cir. 1996)).

          a.   <u>Predicate Acts and Enterprise Allegations</u>

Defendant contends Plaintiffs' allegations concerning predicate acts and the existence of a corrupt enterprise for purposes of their first claim for civil RICO under 18 U.S.C. § 1964(c) are insufficient because the allegations concern an unrelated scheme to sell "investment interests" in real property, whereas the harm alleged by Plaintiffs in this case involves a normal real estate purchase. Defendant argues that the allegations are false on their face because Plaintiffs claim they were defrauded through an investment interest scheme, but Exhibit 8 to the complaint shows that they did not purchase "investment interests." Plaintiffs respond that Defendant's claim that the allegations are false on their face thereby places the allegations into dispute, meaning that any ambiguity must be resolved in Plaintiffs' favor at this stage.

Defendant's argument relies on the distinction between an "investment interest" and the sale of a complete property, but that distinction does not bar Plaintiffs' claims. Whether an alleged scheme induced a person to purchase a portion of a fraudulent investment or the entire investment is irrelevant so long as the elements of a civil RICO claim are adequately pled. Further, Defendant's argument invites the Court to adopt its perspective and determine that "investment interests" in real estate are unrelated to an outright sale of a piece of property, but Plaintiffs' allegations, if true, could also reasonably support a finding that the interests in the Minne/Lohman case and the alleged sale in this case are part of the same general real

1  estate fraud scheme.
2       The same reasoning applies to the enterprise element of
3  Plaintiffs' RICO claim in that the allegations could support a
4  finding that the same enterprise consisting of the defendants in
5  this case operated in the Minne/Lohman case.  Because the Rule 12
6  standard requires that all favorable inferences be drawn in
7  Plaintiffs' favor, the Court cannot adopt Defendant's contrary
8  position.  The Court accordingly finds that the predicate acts
9  alleged by Plaintiffs are not false on their face.
10                 b.   Allegations of Fraud
11      Defendant argues that the civil RICO claim fails because
12 Plaintiffs' allegations do not meet the heightened pleading
13 standard for fraud.  As discussed previously, Plaintiffs' fraud
14 allegations are sufficient.
15      For the foregoing reasons, Defendant's motion to dismiss
16 Plaintiffs' civil RICO claim is denied.
17            5.   Unjust Enrichment
18      Finally, Defendant argues that Plaintiffs' last claim for
19 relief for Unjust Enrichment and Constructive Trust must be
20 dismissed because unjust enrichment is an equitable remedy and a
21 constructive trust is the vehicle through which the remedy
22 proceeds, but neither one is a standalone cause of action.
23 Plaintiffs respond generally that they are entitled to
24 restitution based on the allegations in the complaint.
25      "Unjust enrichment is not a cause of action . . . or even a
26 remedy, but rather a general principle, underlying various legal
27 doctrines and remedies . . . .  It is synonymous with
28 restitution."  McBride v. Boughton, 20 Cal. Rptr. 3d 115, 121

(Ct. App. 2004).

Plaintiffs' complaint contains a cause of action for unjust enrichment, which is improper. Plaintiffs' prayer for relief also seeks restitution, unjust enrichment's equivalent. Plaintiffs' cause of action is dismissed with prejudice because it is duplicative of Plaintiffs' requested relief.

## III. ORDER

Plaintiffs' Seventh Cause of Action for Unjust Enrichment and Constructive Trust is dismissed with prejudice, and their Fifth and Sixth causes of action are dismissed with leave to amend. The remainder of Defendant's Motion to Dismiss is DENIED. Plaintiffs are granted leave to amend their complaint, and they must file any amended complaint within 20 days of this order. Defendant must file a responsive pleading within 20 days of any amended complaint or within 40 days of this order if no amended complaint is filed.

IT IS SO ORDERED.

Dated: August 21, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE