1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   MARCO KOZLOWSKI, et al.,              No.  2:13-cv-00291-JAM-DAD

12              Plaintiffs,          **ORDER GRANTING DEFENDANT TRACI**
                                     **SOUTHWELL'S MOTION TO DISMISS**
13        v.

14   HUIB STROOMBERG, et al.,

15              Defendants.

16

17        Presently before the Court is Defendant Traci Southwell's

18   ("Defendant") Motion to Dismiss Pursuant to Rule 12(c) (Doc.

19   ##29-30).  Plaintiffs Marco Kozlowski, Brad Wakeman, Kadri A.

20   Egbeyemi, the Kozlowski/Wakeman/Egbeyemi Partnership, and Luxury

21   Home Solutions, Inc. (collectively "Plaintiffs") filed a Response

22   (Doc. #40) and a Statement of Disputed Facts (Doc. #41) in

23   opposition to Defendant's motion.[1]

24   ///

25   ///

26

27   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28   originally scheduled for July 24, 2013.

                                      1

1                              I.    BACKGROUND

2          This action arises out of Plaintiffs' allegations that co-

3     defendant Stroomwell Investment Group, Inc. ("Stroomwell"),

4     acting through its agent and additional co-defendant Mihai Algiu

5     ("Algiu"), committed fraud when selling Plaintiffs a piece of

6     property located in Cerbere, France (the "Cerbere Property").

7     Plaintiffs allege that Algiu misrepresented the condition of the

8     property in making the sale.   Plaintiffs concede that the

9     property was represented as unfinished when they agreed to buy

10    it, but they allege that Algiu promised that the construction

11    would be completed by June 1, 2011.   Plaintiffs allegedly sent

12    funds totalling $258,630.24 as a down payment on February 10 and

13    14, 2011.   Plaintiffs allege that construction on the property

14    was never completed.   Plaintiffs also allege that Algiu

15    represented himself as a sales agent of co-defendant Stroomwell

16    throughout the sale process.

17         Plaintiffs contend that Algiu, allegedly acting on behalf of

18    Defendant and co-defendants Huib Stroomberg, George Stroomberg,

19    Angelic Stroomberg, Dick Stroomberg, Riemke Koolen, and

20    Stroomwell attempted to extend the time for completion several

21    times and add new terms to the sales agreement after the down

22    payment was made, but Plaintiffs refused to add additional terms

23    to the agreement.   In Spring of 2012, Plaintiffs demanded a

24    return of their deposit.   Defendants allegedly refused on July

25    31, 2012 to refund the deposit and threatened to sue to obtain

26    specific performance of the sales contract.   Plaintiffs then

27    filed the present lawsuit.

28         Plaintiffs also allege that all defendants engaged in an

ongoing conspiracy to commit fraud.  Plaintiffs' allegations are based on a 2009 case filed before this Court, Case No. 2:09-CV-00625-JAM-DAD (the "Minne/Lohman case"), wherein plaintiffs Edith Minne and Bonnie Lohman alleged that Defendant along with other co-conspirators misrepresented the state of the Cerbere property in order to elicit investment funds from them, funds Defendant allegedly conspired to convert to her own use.  That case was voluntarily dismissed by the plaintiffs subject to a stipulation under which Defendant and her alleged co-conspirators were to complete and/or sell the Cerbere property.

     For the purposes of the claims against Defendant, Plaintiffs do not allege any particular action taken by Defendant in this case.  They only allege that she was at all relevant times the CEO and Secretary of co-defendant Stroomwell.

     In this suit, Plaintiffs bring the following claims: 1) Civil Racketeer Influenced and Corrupt Organizations ("RICO"), 18 U.S.C. § 1962(c); 2) Fraud; 3) Unlawful, Deceptive, and Unfair Business Practices, Cal. Bus. & Prof. Code § 17200, et seq.; 4) Unfair, Deceptive and Misleading Advertising, Cal. Bus. & Prof. Code § 17500; 5) Breach of Fiduciary Duty; 6) Aiding and Abetting Breach of Fiduciary Duty; and 7) Unjust Enrichment and Imposition of Constructive Trust.  The Court has jurisdiction over Plaintiffs' federal civil RICO claim pursuant to 28 U.S.C. § 1331 and Plaintiffs' related state claims pursuant to 28 U.S.C. § 1367.

II.  OPINION

A.  Legal Standard

"A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." Ventress v. Japan Airlines, 603 F.3d 676, 681 (9th Cir. 2010) (citations omitted). "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989).

A Rule 12(c) motion for judgment on the pleadings is the functional equivalent of a Rule 12(b)(6) motion, and the same legal standard applies to both. Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). In considering a Rule 12(c) motion, the Court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a Rule 12(c) motion, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Judgment is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v.

4

1  Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

2      In considering a motion under Rule 12(c), a court must

3  generally limit its review to the pleadings themselves.  Hal

4  Roach Studios, 896 F.2d at 1542.  However, "documents attached to

5  the complaint and incorporated by reference are treated as part

6  of the complaint, not extrinsic evidence" and, thus, may be

7  considered in a Rule 12(c) motion.  Summit Media LLC v. City of

8  L.A., CA, 530 F. Supp. 2d 1084, 1096 (C.D. Cal. 2008) (citing

9  Voest-Alpine Trading USA Corp. v. Bank of China, 142 F.3d 887,

10  891 n.4 (5th Cir. 1998)).  Extrinsic evidence that is subject to

11  judicial notice may be properly considered in a Rule 12(c)

12  motion.  Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971,

13  981 n.18 (9th Cir. 1999).

14      B.   Discussion

15      Plaintiffs generally respond to Defendant's motion by

16  arguing that they failed to comply with the local rules

17  applicable to motions for summary judgment.  This motion,

18  however, is made under Federal Rule of Civil Procedure 12(c),

19  which is only converted to a motion for summary judgment if the

20  Court bases its decision on materials outside of the pleadings.

21  The following analysis is limited to the pleadings, so the local

22  rules related to motions for summary judgment do not apply.

23          1.   Defendant's Vicarious Liability

24      Defendant moves for judgment on the pleadings by arguing

25  that Plaintiffs' complaint does not meet the pleading standard

26  for fraud, that Defendant is immune from liability under the

27  facts alleged under the agent-immunity rule and the shareholder

28  immunity rule, and that the allegations in the complaint are

1   internally inconsistent to the point that they are facially

2   false.  Plaintiffs do not allege in their complaint that

3   Defendant took any action personally, so her personal liability

4   can only arise from a vicarious liability theory such as through

5   conspiracy liability.  For this reason, Defendant's arguments

6   regarding personal liability pursuant to the agent and

7   shareholder immunity rules are potentially dispositive and they

8   are addressed first.

9                   a.   The Agent Immunity Rule

10       In support of her motion, Defendant argues that the agent

11   immunity rule precludes her individual liability based on the

12   allegations in Plaintiffs' complaint.  Defendant argues that she

13   is not liable for the actions of Stroomwell or the other

14   defendants because there is no allegation that she was acting

15   outside the scope of her duties to Stroomwell.  Plaintiffs

16   respond by arguing that they have alleged and documented

17   Defendant's fraudulent actions in the complaint and its exhibits.

18       "Agents and employees of a corporation cannot conspire with

19   their corporate principal or employer where they act in their

20   official capacities on behalf of the corporation and not as

21   individuals for their individual advantage."  Applied Equip.

22   Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 525 (1994)

23   (quoting Wise v. S. Pac. Co., 35 Cal. Rptr. 652, 665 (Ct. App.

24   1963) and overruling it on other grounds).  In this case, there

25   is no allegation that Defendant took any particular action at all

26   beyond being an officer of Stroomwell.  There is accordingly no

27   basis to find that she acted outside of her official capacity to

28   her own advantage.  The agent immunity rule therefore precludes

1 Defendant's liability.

2                    b.   <u>Shareholder Liability</u>

3        Defendant next argues that she cannot be liable as a

4 shareholder for Stroomwell because the allegations do not support

5 shareholder liability in this case.  Plaintiffs again argue that

6 the complaint and its exhibits support individual liability for

7 Defendant.

8        The alter ego doctrine arises when a plaintiff comes
         into court claiming that an opposing party is using
9        the corporate form unjustly and in derogation of the
         plaintiff's interests.  In certain circumstances the
10       court will disregard the corporate entity and will
         hold the individual shareholders liable for the
11       actions of the corporation.

12 <u>Cambridge Elecs. Corp. v. MGA Elecs., Inc.</u>, 227 F.R.D. 313, 325

13 (C.D. Cal. 2004) (quoting <u>Mesler v. Bragg Management Co.</u>, 39

14 Cal.3d 290, 300 (1985)).  The alter ego doctrine is one of equity

15 that allows a shareholder of a corporation to be held liable for

16 a corporation's actions, abrogating the usual rule of shareholder

17 immunity.  <u>Id.</u>

18       Before the doctrine may be invoked, two elements must
         be established: '(1) that there be such unity of
19       interest and ownership that the separate personalities
         of the corporation and the individual no longer exist
20       and (2) that, if the acts are treated as those of the
         corporation alone, an inequitable result will follow.'
21

22 <u>Id.</u> (quoting <u>Mesler</u>, 39 Cal. 3d at 300).

23       In this case, neither the complaint nor the attached

24 exhibits contain any allegations to support a finding that

25 Defendant and Stroomwell disregarded the corporate formalities

26 such that Defendant can be held individually liable in her

27 capacity as shareholder for Stroomwell's actions.  Defendant is

28 therefore not liable as a shareholder of Stroomwell as a matter

                                 7

1   of law.

2          The complaint does not contain allegations related to

3   Defendant's individual conduct, and the allegations are also

4   insufficient to support a finding that she is vicariously liable

5   for the actions of the other defendants in this case.  Defendant

6   is accordingly entitled to judgment on the pleadings and her

7   motion is granted.

8                 2.   Particularity of Pleading

9          Defendant argues that Plaintiffs claims, insofar as they

10  sound in fraud, can be dismissed because the complaint does not

11  satisfy the fraud pleading standard in Federal Rule of Civil

12  Procedure 9(b).  Defendant also argues that heightened pleading

13  applies to Plaintiffs' California Business and Professions Code

14  §§ 17200 and 17500 because they also sound in fraud.  Plaintiffs

15  generally respond that the complaint and its exhibits meet the

16  fraud pleading standard.

17         "The elements of a cause of action for fraud in California

18  are: '(a) misrepresentation (false representation, concealment,

19  or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c)

20  intent to defraud, i.e., to induce reliance; (d) justifiable

21  reliance; and (e) resulting damage.'"  Kearns v. Ford Motor Co.,

22  567 F.3d 1120, 1126 (9th Cir. 2009) (quoting Engalla v.

23  Permanente Med. Group, Inc., 15 Cal.4th 951, 974 (1997)).  Under

24  the heightened pleading standard in the federal rules, a

25  plaintiff must also allege the specific circumstances

26  constituting fraud such that the defendant has notice of the

27  actual misconduct.  Id. at 1124.  "Averments of fraud must be

28  accompanied by the who, what, when, where, and how of the

8

1  misconduct charged."  Id. (quoting Vess v. Ciba-Geigy Corp. USA,
2  317 F.3d 1097, 1106 (9th Cir. 2003)).  Where a cause of action
3  relies on "a unified fraudulent course of conduct," allegations
4  supporting that cause of action must meet the heightened federal
5  pleading standard.  Kearns, 567 F.3d at 1127.

6      As discussed previously, the complaint contains no
7  allegations particular to Defendant's actions, and Plaintiffs'
8  claims do not satisfy the heightened fraud pleading standard as a
9  result.  Plaintiffs' claims are all based on a single alleged
10  fraudulent real estate investment scheme, meaning that all of
11  their claims against Defendant are inadequate.  Defendant's
12  motion to dismiss is therefore granted for this reason well.

13            3.   Fiduciary Duty

14      Defendant argues that the Fifth and Sixth causes of action
15  are insufficiently pled because there is no basis for finding an
16  agency relationship between Defendant and Plaintiffs and
17  therefore no basis for finding the existence of a fiduciary duty
18  to Plaintiffs from Defendant.  Plaintiffs respond by pointing to
19  allegations supporting an agency relationship between co-
20  defendant Algiu and co-defendant Stroomwell.

21      A defendant is only liable for breach of fiduciary duty
22  under California law if it owed a duty of care to the plaintiff.
23  Maganallez v. Hilltop Lending Corp., 505 F. Supp. 2d 594, 608
24  (N.D. Cal. 2007) (citing McCollum v. Friendly Hills Travel Ctr.,
25  217 Cal. Rptr. 919, 923 (Ct. App. 1985)).  "An agent owes a duty
26  to its principal and must act in the interest of the principal .
27  . . ."  Id.

28      In this case, Plaintiffs' complaint and their argument in

1   opposition to this motion are clearly anchored in the theory that

2   Algiu was an agent for Stroomwell, not Plaintiffs.  In the

3   absence of an agency relationship between Defendant and

4   Plaintiffs, either directly or through Algiu and Stroomwell,

5   Plaintiffs' Fifth and Sixth causes of action are legally

6   insufficient.  Defendant's motion to dismiss these claims is

7   therefore granted.

8               4.   Unjust Enrichment

9       Finally, Defendant argues that Plaintiffs' last claim for

10  relief for Unjust Enrichment and Constructive Trust must be

11  dismissed because unjust enrichment is an equitable remedy and a

12  constructive trust is the vehicle through which the remedy

13  proceeds, but they are not a standalone cause of action.

14  Plaintiffs respond generally that they are entitled to

15  restitution based on the allegations in the complaint.

16      "Unjust enrichment is not a cause of action . . . or even a

17  remedy, but rather a general principle, underlying various legal

18  doctrines and remedies . . . .  It is synonymous with

19  restitution." McBride v. Boughton, 20 Cal. Rptr. 3d 115, 121

20  (Ct. App. 2004).

21      Plaintiffs' complaint contains a cause of action for unjust

22  enrichment, which is improper.  Plaintiffs' prayer for relief

23  also seeks restitution, unjust enrichment's equivalent.

24  Plaintiffs' cause of action is dismissed with prejudice because

25  it is duplicative of Plaintiffs' requested relief.

26               5.   Leave to Amend

27      Like a motion made pursuant to 12(b)(6), a district court

28  may in its discretion grant a motion for judgment on the

                                10

1   pleadings with leave to amend.  <u>Lonberg v. City of Riverside</u>, 300

2   F. Supp. 2d 942, 945 (C.D. Cal. 2004).  In this case, it is not

3   certain, as required by the Rule 12(c) standard, that Plaintiffs

4   are unable to prove any set of facts sufficient to hold Defendant

5   personally liable for the fraudulent scheme alleged in

6   Plaintiffs' complaint.  Dismissal of the claims against Defendant

7   with leave to amend is therefore appropriate.

8

9                        III. ORDER

10      Defendant's Motion for Judgment on the Pleadings is GRANTED.

11  All claims against her are dismissed.  Plaintiffs are granted

12  leave to amend their complaint within 20 days.  Defendant is

13  ordered to file a responsive pleading within 20 days of any

14  amended complaint that contains claims against her, but if no

15  such complaint is filed then she is dismissed from this lawsuit.

16      IT IS SO ORDERED.

17  Dated: August 21, 2013

18                                    _____
                                       JOHN A. MENDEZ,
19                                     UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28