UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO KOZLOWSKI, et al., | No. 2:13-cv-00291-JAM-DAD |
| Plaintiffs, | **ORDER GRANTING DEFENDANT TRACI SOUTHWELL'S MOTION TO DISMISS** |
| v. | |
| HUIB STROOMBERG, et al., | |
| Defendants. | |

Presently before the Court is Defendant Traci Southwell's ("Defendant") Motion to Dismiss Pursuant to Rule 12(c) (Doc. ##29-30). Plaintiffs Marco Kozlowski, Brad Wakeman, Kadri A. Egbeyemi, the Kozlowski/Wakeman/Egbeyemi Partnership, and Luxury Home Solutions, Inc. (collectively "Plaintiffs") filed a Response (Doc. #40) and a Statement of Disputed Facts (Doc. #41) in opposition to Defendant's motion.[1]

///

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was originally scheduled for July 24, 2013.

1

I.  BACKGROUND

This action arises out of Plaintiffs' allegations that co-defendant Stroomwell Investment Group, Inc. ("Stroomwell"), acting through its agent and additional co-defendant Mihai Algiu ("Algiu"), committed fraud when selling Plaintiffs a piece of property located in Cerbere, France (the "Cerbere Property"). Plaintiffs allege that Algiu misrepresented the condition of the property in making the sale.  Plaintiffs concede that the property was represented as unfinished when they agreed to buy it, but they allege that Algiu promised that the construction would be completed by June 1, 2011.  Plaintiffs allegedly sent funds totalling $258,630.24 as a down payment on February 10 and 14, 2011.  Plaintiffs allege that construction on the property was never completed.  Plaintiffs also allege that Algiu represented himself as a sales agent of co-defendant Stroomwell throughout the sale process.

Plaintiffs contend that Algiu, allegedly acting on behalf of Defendant and co-defendants Huib Stroomberg, George Stroomberg, Angelic Stroomberg, Dick Stroomberg, Riemke Koolen, and Stroomwell attempted to extend the time for completion several times and add new terms to the sales agreement after the down payment was made, but Plaintiffs refused to add additional terms to the agreement.  In Spring of 2012, Plaintiffs demanded a return of their deposit.  Defendants allegedly refused on July 31, 2012 to refund the deposit and threatened to sue to obtain specific performance of the sales contract.  Plaintiffs then filed the present lawsuit.

Plaintiffs also allege that all defendants engaged in an

2

1  ongoing conspiracy to commit fraud.  Plaintiffs' allegations are
2  based on a 2009 case filed before this Court, Case No. 2:09-CV-
3  00625-JAM-DAD (the "Minne/Lohman case"), wherein plaintiffs Edith
4  Minne and Bonnie Lohman alleged that Defendant along with other
5  co-conspirators misrepresented the state of the Cerbere property
6  in order to elicit investment funds from them, funds Defendant
7  allegedly conspired to convert to her own use.  That case was
8  voluntarily dismissed by the plaintiffs subject to a stipulation
9  under which Defendant and her alleged co-conspirators were to
10 complete and/or sell the Cerbere property.
11     For the purposes of the claims against Defendant, Plaintiffs
12 do not allege any particular action taken by Defendant in this
13 case.  They only allege that she was at all relevant times the
14 CEO and Secretary of co-defendant Stroomwell.
15     In this suit, Plaintiffs bring the following claims:
16 1) Civil Racketeer Influenced and Corrupt Organizations ("RICO"),
17 18 U.S.C. § 1962(c); 2) Fraud; 3) Unlawful, Deceptive, and Unfair
18 Business Practices, Cal. Bus. & Prof. Code § 17200, et seq.;
19 4) Unfair, Deceptive and Misleading Advertising, Cal. Bus. &
20 Prof. Code § 17500; 5) Breach of Fiduciary Duty; 6) Aiding and
21 Abetting Breach of Fiduciary Duty; and 7) Unjust Enrichment and
22 Imposition of Constructive Trust.  The Court has jurisdiction
23 over Plaintiffs' federal civil RICO claim pursuant to 28 U.S.C. §
24 1331 and Plaintiffs' related state claims pursuant to 28 U.S.C. §
25 1367.

II.   OPINION

A.   Legal Standard

"A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." Ventress v. Japan Airlines, 603 F.3d 676, 681 (9th Cir. 2010) (citations omitted). "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989).

A Rule 12(c) motion for judgment on the pleadings is the functional equivalent of a Rule 12(b)(6) motion, and the same legal standard applies to both. Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). In considering a Rule 12(c) motion, the Court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a Rule 12(c) motion, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Judgment is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v.

Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion under Rule 12(c), a court must generally limit its review to the pleadings themselves. Hal Roach Studios, 896 F.2d at 1542. However, "documents attached to the complaint and incorporated by reference are treated as part of the complaint, not extrinsic evidence" and, thus, may be considered in a Rule 12(c) motion. Summit Media LLC v. City of L.A., CA, 530 F. Supp. 2d 1084, 1096 (C.D. Cal. 2008) (citing Voest-Alpine Trading USA Corp. v. Bank of China, 142 F.3d 887, 891 n.4 (5th Cir. 1998)). Extrinsic evidence that is subject to judicial notice may be properly considered in a Rule 12(c) motion. Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 981 n.18 (9th Cir. 1999).

    B.    Discussion

Plaintiffs generally respond to Defendant's motion by arguing that they failed to comply with the local rules applicable to motions for summary judgment. This motion, however, is made under Federal Rule of Civil Procedure 12(c), which is only converted to a motion for summary judgment if the Court bases its decision on materials outside of the pleadings. The following analysis is limited to the pleadings, so the local rules related to motions for summary judgment do not apply.

    1.    Defendant's Vicarious Liability

Defendant moves for judgment on the pleadings by arguing that Plaintiffs' complaint does not meet the pleading standard for fraud, that Defendant is immune from liability under the facts alleged under the agent-immunity rule and the shareholder immunity rule, and that the allegations in the complaint are

internally inconsistent to the point that they are facially false.  Plaintiffs do not allege in their complaint that Defendant took any action personally, so her personal liability can only arise from a vicarious liability theory such as through conspiracy liability.  For this reason, Defendant's arguments regarding personal liability pursuant to the agent and shareholder immunity rules are potentially dispositive and they are addressed first.

### a. The Agent Immunity Rule

In support of her motion, Defendant argues that the agent immunity rule precludes her individual liability based on the allegations in Plaintiffs' complaint.  Defendant argues that she is not liable for the actions of Stroomwell or the other defendants because there is no allegation that she was acting outside the scope of her duties to Stroomwell.  Plaintiffs respond by arguing that they have alleged and documented Defendant's fraudulent actions in the complaint and its exhibits.

"Agents and employees of a corporation cannot conspire with their corporate principal or employer where they act in their official capacities on behalf of the corporation and not as individuals for their individual advantage." Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 525 (1994) (quoting Wise v. S. Pac. Co., 35 Cal. Rptr. 652, 665 (Ct. App. 1963) and overruling it on other grounds).  In this case, there is no allegation that Defendant took any particular action at all beyond being an officer of Stroomwell.  There is accordingly no basis to find that she acted outside of her official capacity to her own advantage.  The agent immunity rule therefore precludes

1  Defendant's liability.

2            b.   <u>Shareholder Liability</u>

3      Defendant next argues that she cannot be liable as a
4  shareholder for Stroomwell because the allegations do not support
5  shareholder liability in this case.  Plaintiffs again argue that
6  the complaint and its exhibits support individual liability for
7  Defendant.

> The alter ego doctrine arises when a plaintiff comes into court claiming that an opposing party is using the corporate form unjustly and in derogation of the plaintiff's interests. In certain circumstances the court will disregard the corporate entity and will hold the individual shareholders liable for the actions of the corporation.

<u>Cambridge Elecs. Corp. v. MGA Elecs., Inc.</u>, 227 F.R.D. 313, 325 (C.D. Cal. 2004) (quoting <u>Mesler v. Bragg Management Co.</u>, 39 Cal.3d 290, 300 (1985)).  The alter ego doctrine is one of equity that allows a shareholder of a corporation to be held liable for a corporation's actions, abrogating the usual rule of shareholder immunity.  <u>Id.</u>

> Before the doctrine may be invoked, two elements must be established: '(1) that there be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow.'

<u>Id.</u> (quoting <u>Mesler</u>, 39 Cal. 3d at 300).

In this case, neither the complaint nor the attached exhibits contain any allegations to support a finding that Defendant and Stroomwell disregarded the corporate formalities such that Defendant can be held individually liable in her capacity as shareholder for Stroomwell's actions.  Defendant is therefore not liable as a shareholder of Stroomwell as a matter

of law.

The complaint does not contain allegations related to Defendant's individual conduct, and the allegations are also insufficient to support a finding that she is vicariously liable for the actions of the other defendants in this case. Defendant is accordingly entitled to judgment on the pleadings and her motion is granted.

### 2. Particularity of Pleading

Defendant argues that Plaintiffs claims, insofar as they sound in fraud, can be dismissed because the complaint does not satisfy the fraud pleading standard in Federal Rule of Civil Procedure 9(b). Defendant also argues that heightened pleading applies to Plaintiffs' California Business and Professions Code §§ 17200 and 17500 because they also sound in fraud. Plaintiffs generally respond that the complaint and its exhibits meet the fraud pleading standard.

"The elements of a cause of action for fraud in California are: '(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.'" Kearns v. Ford Motor Co., 567 F.3d 1120, 1126 (9th Cir. 2009) (quoting Engalla v. Permanente Med. Group, Inc., 15 Cal.4th 951, 974 (1997)). Under the heightened pleading standard in the federal rules, a plaintiff must also allege the specific circumstances constituting fraud such that the defendant has notice of the actual misconduct. Id. at 1124. "Averments of fraud must be accompanied by the who, what, when, where, and how of the

misconduct charged." Id. (quoting Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)). Where a cause of action relies on "a unified fraudulent course of conduct," allegations supporting that cause of action must meet the heightened federal pleading standard. Kearns, 567 F.3d at 1127.

As discussed previously, the complaint contains no allegations particular to Defendant's actions, and Plaintiffs' claims do not satisfy the heightened fraud pleading standard as a result. Plaintiffs' claims are all based on a single alleged fraudulent real estate investment scheme, meaning that all of their claims against Defendant are inadequate. Defendant's motion to dismiss is therefore granted for this reason well.

### 3. Fiduciary Duty

Defendant argues that the Fifth and Sixth causes of action are insufficiently pled because there is no basis for finding an agency relationship between Defendant and Plaintiffs and therefore no basis for finding the existence of a fiduciary duty to Plaintiffs from Defendant. Plaintiffs respond by pointing to allegations supporting an agency relationship between co-defendant Algiu and co-defendant Stroomwell.

A defendant is only liable for breach of fiduciary duty under California law if it owed a duty of care to the plaintiff. Maganallez v. Hilltop Lending Corp., 505 F. Supp. 2d 594, 608 (N.D. Cal. 2007) (citing McCollum v. Friendly Hills Travel Ctr., 217 Cal. Rptr. 919, 923 (Ct. App. 1985)). "An agent owes a duty to its principal and must act in the interest of the principal . . . ." Id.

In this case, Plaintiffs' complaint and their argument in

opposition to this motion are clearly anchored in the theory that Algiu was an agent for Stroomwell, not Plaintiffs.  In the absence of an agency relationship between Defendant and Plaintiffs, either directly or through Algiu and Stroomwell, Plaintiffs' Fifth and Sixth causes of action are legally insufficient.  Defendant's motion to dismiss these claims is therefore granted.

### 4.   Unjust Enrichment

Finally, Defendant argues that Plaintiffs' last claim for relief for Unjust Enrichment and Constructive Trust must be dismissed because unjust enrichment is an equitable remedy and a constructive trust is the vehicle through which the remedy proceeds, but they are not a standalone cause of action. Plaintiffs respond generally that they are entitled to restitution based on the allegations in the complaint.

"Unjust enrichment is not a cause of action . . . or even a remedy, but rather a general principle, underlying various legal doctrines and remedies . . . .  It is synonymous with restitution."  McBride v. Boughton, 20 Cal. Rptr. 3d 115, 121 (Ct. App. 2004).

Plaintiffs' complaint contains a cause of action for unjust enrichment, which is improper.  Plaintiffs' prayer for relief also seeks restitution, unjust enrichment's equivalent. Plaintiffs' cause of action is dismissed with prejudice because it is duplicative of Plaintiffs' requested relief.

### 5.   Leave to Amend

Like a motion made pursuant to 12(b)(6), a district court may in its discretion grant a motion for judgment on the

pleadings with leave to amend.  Lonberg v. City of Riverside, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004).  In this case, it is not certain, as required by the Rule 12(c) standard, that Plaintiffs are unable to prove any set of facts sufficient to hold Defendant personally liable for the fraudulent scheme alleged in Plaintiffs' complaint.  Dismissal of the claims against Defendant with leave to amend is therefore appropriate.

## III. ORDER

Defendant's Motion for Judgment on the Pleadings is GRANTED. All claims against her are dismissed.  Plaintiffs are granted leave to amend their complaint within 20 days.  Defendant is ordered to file a responsive pleading within 20 days of any amended complaint that contains claims against her, but if no such complaint is filed then she is dismissed from this lawsuit.

IT IS SO ORDERED.

Dated: August 21, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE