UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO KOZLOWSKI, BRAD WAKEMAN, and KADRI A. EGBEYEMI, the KOZLOWSKI/WAKEMAN/EGBEYEMI PARTNERSHIP and LUXURY HOME SOLUTIONS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>HUIB STROOMBERG, TRACI SOUTHWELL, STROOMWELL INVESTMENT GROUP, INC., GEORGE STROOMBERG, ANGELIC STROOMBERG, DICK STROOMBERG, RIEMKE KOOLEN, MIHAI ALGIU, and DOES 1-100,<br><br>Defendants. | No.   2:13-cv-00291-JAM-DAD<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO ALTER OR AMEND THE JUDGMENT** |

This matter is before the Court on Plaintiffs Marco Kozlowski, Brad Wakeman, Kadri Egbeyemi, the Kozlowski/Wakeman/Egbeyemi Partnership and Luxury Home Solutions, Inc.'s (collectively "Plaintiffs") Motion to Alter or Amend (Doc. #60) the Court's December 30, 2013 Order (Doc. #59) granting, without leave to amend, Defendant Traci Southwell's ("Defendant Southwell") Motion to Dismiss (Doc. #53) Plaintiffs' First

1

Amended Complaint ("FAC") (Doc. #47).  Defendant Southwell opposes Plaintiffs' motion (Doc. #61).[1]

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The factual background of this case is described thoroughly in the Court's initial Order (Doc. #59).  Nevertheless, for ease of reference, a brief summary is included here.

This action arises out of Plaintiffs' allegations that co-defendant Stroomwell Investment Group, Inc. ("Stroomwell, Inc."), acting through its agent and additional co-defendant Mihai Algiu ("Algiu"), committed fraud when selling Plaintiffs a piece of property located in Cerbere, France (the "Cerbere Property").  Plaintiffs allege that Algiu misrepresented the condition of the property in making the sale.  Plaintiffs filed the present lawsuit on February 15, 2013.

Plaintiffs' original complaint against Defendant Southwell was dismissed with leave to amend because it failed to allege any individual action by Defendant Southwell, and Defendant Southwell's position as CEO and Secretary of Stroomwell, Inc. did not support any theories of vicarious liability (Doc. #46).  In the FAC, Plaintiffs allege that Defendant Southwell "participated" in the following three ways:  First, on February 21, 2008, Defendant Southwell, along with Defendant Huib Stroomberg and on behalf of Stroomwell, Inc., "placed onto the Internet a personal invitation and advertisement . . . directed

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for March 5, 2014.

to current and potential investors to attend the company's 'Second Annual Presentation on Investment Opportunities.'" FAC ¶¶ 31-35. Second, on March 8, 2009, Defendant Southwell was quoted in a newspaper article with regard to a separate case against Defendants by different Plaintiffs. FAC ¶¶ 38-41. Third, Defendant Southwell was copied on emails from Algiu to Plaintiffs regarding the Cerbere Property. FAC ¶¶ 43-52.

The FAC includes the following causes of action against Defendant Southwell: 1) Civil Racketeer Influenced and Corrupt Organizations ("RICO"), 18 U.S.C. § 1962(c); 2) Fraud; 3) Unlawful, Deceptive and Unfair Business Practices, Cal. Bus. & Prof. Code § 17200; and 4) Unfair, Deceptive and Misleading Advertising, Cal. Bus. & Prof. Code § 17500.

## II. OPINION

### A. Legal Standard

Although Rule 59(e) of the Federal Rules of Civil Procedure ("FRCP") "permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless "the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch.

3

Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). A Rule 59(e) motion "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona, 229 F.3d at 890 (emphasis in original).

    B.    Discussion

        1.    Fraud

            a.    California Business Professions Code

Plaintiffs argue that the Court misinterpreted the California Business and Professions Code ("B&P"), erroneously creating a "private seller" exception to the law. Mot. at 4. In its original Order, the Court found that "the licensing requirement of B&P section 10139 does not apply to Defendant," because "Defendant appears to be a private seller rather than a 'real estate broker' under B&P section 10131." Order at 10.

Under B&P section 10139, all California real estate brokers must be licensed. In relevant part, B&P section 10131 defines a "real estate broker" as

> a person who, for a compensation or in expectation of a compensation . . . does or negotiates to do one or more of the following acts for another or others: (a) [s]ells or offers to sell, buys or offers to buy, solicits prospective sellers or purchasers of, solicits or obtains listings of, or negotiates the purchase, sale or exchange of real property or a business opportunity . . .

Accordingly, the B&P licensing requirement does not apply to an individual who is selling her own property. The licensing requirement only applies to an individual who does not own the property that she is selling. As noted by the Court in its Order, "Defendant appears to be a private seller" – that is,

4

Defendant Southwell did not appear to be selling the Cerbere Property on behalf of a third party.  Order at 10.

Both in their opposition to the motion to dismiss and in this motion to reconsider, Plaintiffs fail to cite a specific allegation that Defendant Southwell did not own the Cerbere Property.  (That is not to say that such an allegation does not exist, but merely that Plaintiffs have failed to bring it to the Court's attention.)  Plaintiffs now argue that the Cerbere Property "is owned by Angelique and George Stroomberg" and that Defendant Southwell "has no ownership" in the Cerbere Property.  Mot. at 5.  However, Plaintiffs' sole support for this statement is a citation to Exhibit 15 to the FAC, which is a non-translated foreign-language document.  FAC, Ex. 15.  This document, unaccompanied by a valid English translation, is not helpful to the Court.  Accordingly, Plaintiffs have not demonstrated that the B&P licensing requirement applies to Defendant Southwell.

### b. Rule 9(b) Heightened Pleading Standard

Nevertheless, even if the licensing requirement did apply to Defendant Southwell, her alleged violation of this law, alone, does not satisfy the heightened pleading requirements of FRCP 9(b).  As noted by the Court in its original Order, Plaintiffs do not cite any authority for the proposition that the "mere act of selling property as an unlicensed broker, without more, constitutes fraud."  Order at 10.  Likewise, Plaintiffs fail to specifically allege the "who, what, when, where, and how" of the fraud.  Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)).  As the Court found in its original Order,

Plaintiffs fail to allege specific misrepresentations made by Defendant Southwell individually. Moreover, the Court concluded that the "elements [of fraud] most conspicuously absent from Plaintiff's FAC are Defendant's individual 'knowledge of falsity' and 'intent to defraud.'" Order at 11 (quoting Kearns, 567 F.3d at 1126). In their motion to reconsider, Plaintiffs continue to fail to cite specific allegations in the FAC which would satisfy these elements. See Mot. at 6 (failing to support argument with specific citations to the FAC). Accordingly, the Court's conclusion that the B&P licensing requirement is inapplicable to Defendant Southwell was not necessary to the Court's finding that Plaintiffs failed to state a cause of action for fraud against Defendant Southwell.

Plaintiffs' reliance on the "duty to disclose" by those selling real estate is misplaced. Mot. at 11. This section of Plaintiffs' brief does not include any citations to the FAC, and Plaintiffs fail to connect their legal argument to the facts of the case. Mot. at 11-12. Plaintiffs state that they "are secure in their allegation that Traci Southwell committed actual fraud, and believe that the evidence presented, when viewed pursuant to the standard as set forth above, has achieved the heightened standard for pleading required for fraud." Mot. at 12. This statement should be followed by specific citations to the FAC, showing that the "who, what, when, where, and how" of the fraud have been specifically pleaded. Kearns, 567 F.3d at 1124. Absent such support, such conclusory statements are not persuasive. See R.E. Serv. Co., Inc. v. Johnson & Johnston Associates, Inc., 1995 WL 540072, at *3 (N.D. Cal. Sept. 6, 1995)

6

1   ("the party seeking reconsideration must assert more than a
2   simple disagreement with the court's decision").  The "duty to
3   disclose" does not alter the heightened pleading standard for
4   fraud, and Plaintiffs still have not cited any specific
5   misrepresentations made by Defendant Southwell individually, with
6   "knowledge of falsity" and "intent to defraud."  <u>Kearns</u>, 567 F.3d
7   at 1126.

        2.   <u>Unlawful Business Practices and Advertising</u>

9       As Plaintiffs' third and fourth causes of action – for
10  unlawful business practices and advertising – were grounded in
11  fraud, they were properly dismissed when Plaintiffs failed to
12  meet the heightened pleading standard of FRCP 9(b).  See <u>Kearns</u>,
13  567 F.3d at 1127 (where a cause of action relies on "a unified
14  fraudulent course of conduct," allegations supporting that cause
15  of action must meet the heightened pleading standard for fraud).

        3.   <u>Civil RICO</u>

17      Plaintiffs argue that the Court "dismissed Plaintiffs' Civil
18  RICO claim, not because the claim, as it was pleaded, was
19  deficient; or because it did not satisfy the Fed. R. Civ. P. 9(b)
20  higher standard for fraud; but it dismissed the claim because
21  Plaintiffs did not acknowledge Defendant's argument."  Mot. at
22  12.  This is a mischaracterization of the Court's Order.
23  Although the Court noted that "Defendant's motion is unopposed
24  with respect to the civil RICO claim," the Court also cited a
25  Ninth Circuit case which held that "FRCP 9(b)'s specific pleading
26  requirement applies to civil RICO claims grounded in fraud."
27  Order at 9 (citing <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d 1058,
28  1065-66 (9th Cir. 2004)).  Accordingly, the dismissal of the

1  civil RICO claim was not procedural, but based on Plaintiffs'
2  failure to sufficiently plead its fraud claim.  The dismissal was
3  proper.

    4.   <u>Vicarious Liability</u>

       The Court initially found that Defendant Southwell could not
be held vicariously liable for the actions of Stroomwell, Inc.
Order at 6-8.  In making this finding, the Court relied on the
agent-immunity rule, which precludes vicarious liability for
individuals acting "in their official capacities on behalf of the
corporation and not as individuals for their individual
advantage."  Order at 6-7 (quoting <u>Applied Equip. Corp. v. Litton
Saudi Arabia Ltd.</u>, 7 Cal.4th 503, 525 (1994)).  Plaintiffs argue
that Defendant Southwell's alleged violation of the B&P renders
the agent-immunity rule inapplicable to this case.  Mot. at 6.
Specifically, Plaintiffs argue that Defendant Southwell's
"unlawful actions cannot be found, as a matter of law, to be done
in her official capacity on behalf of the corporation."  Mot. at
6.  However, Plaintiffs fail to cite any legal authority for this
proposition.  Mot. at 6.  Plaintiffs also note that the "Purpose"
of Stroomwell, Inc., as defined in its Articles of Incorporation,
is to engage in "any lawful act or activity."  Mot. at 6 (citing
FAC, Ex. 4).  Plaintiffs contend that it is therefore impossible
for Defendant Southwell to commit any unlawful act in her
official capacity on behalf of Stroomwell, Inc.  Mot. at 6.
Plaintiffs again cite no legal authority for this proposition.
Mot. at 6.

       Assuming, *arguendo*, that Defendant Southwell's actions were
"unlawful," in that they violated the B&P licensing requirement,

8

1  the agent-immunity rule still applies.  As noted above,
2  Plaintiffs fail to cite any legal authority for the proposition
3  that unlawful actions cannot be taken in one's official capacity
4  on behalf of a corporation.  Mot. at 6.  Absent such authority,
5  the Court declines to find that any actions taken by Defendant
6  Southwell in technical violation of a licensing requirement were
7  necessarily taken not in her official capacity but rather as an
8  "individual for [her] individual advantage."  Applied Equip., 7
9  Cal.4th at 525.  Defendant Southwell's actions in promoting the
10 Cerbere Property directly related to her position as Secretary of
11 Stroomwell, Inc., and there is no indication that they were taken
12 for her individual advantage (as opposed to that of the
13 corporation).  FAC ¶¶ 31-35.  Accordingly, Defendant Southwell's
14 actions – even if unlawful – were taken in her official capacity
15 as an agent of Defendant Stroomwell, and the agent-immunity rule
16 precludes vicarious liability.  See Dark v. United States, 641
17 F.2d 805, 807 (9th Cir. 1981) (noting that a principal may be
18 liable for the illegal actions taken by its agent).

19     The Court declines to address Plaintiffs' remaining
20 arguments regarding vicarious liability, as they are unsupported
21 by any citations to legal authority or references to the FAC.
22 Mot. at 9-11.  A memorandum of law in support of a motion is not
23 an op-ed in a newspaper: bare argument, without legal citations
24 and references to relevant portions of the record, is not helpful
25 to the Court.  Moreover, a motion to reconsider is not an
26 opportunity "to revisit issues that were decided, or rehash the
27 same arguments already considered by the Court."  R.E. Serv. Co.,
28 Inc. v. Johnson & Johnston Associates, Inc., 1995 WL 540072, at

9

*3 (N.D. Cal. Sept. 6, 1995). In its original Order, the Court found that Defendant Southwell could not be held vicariously liable for actions of Stroomwell, Inc. or other defendants. Order at 6-8. Neither conspiracy liability nor shareholder liability are viable theories of vicarious liability in this case, and Plaintiffs' argument to the contrary is not persuasive.

### 5. Leave to Amend

The Court originally dismissed Plaintiffs' complaint without leave to amend, insofar as it was brought against Defendant Southwell. Order at 12-13. Plaintiffs take exception to the Court's finding that they have engaged in a bad-faith fishing expedition, and maintain that they are entitled to an opportunity to file a third complaint against Defendant Southwell. Mot. at 7-9.

Generally, the Court will grant leave to amend "with extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001). Nevertheless, The Court determines the propriety of granting leave to amend "by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 880 (9th Cir. 1999). The Court found (and continues to find) that the FAC was filed against Defendant Southwell in bad faith for the improper purpose of conducting discovery against Defendant Southwell. See Kearns, 567 F.3d at 1125 (noting that one of the purposes of FRCP 9(b)'s heightened pleading standard is to "deter plaintiffs from the filing of complaints 'as a pretext for the discovery of unknown wrongs'"). As Plaintiffs acknowledge, Defendant Southwell's

status as an officer of Stroomwell, Inc. does not constitute grounds for maintaining her as an individual defendant. Mot. at 8. Nevertheless, Plaintiffs continue to argue that "it is what she has done, or not done, when she controlled the corporation that, now, plaintiffs seek to have the opportunity to pursue." Mot. at 8. This is strikingly similar to the language in the FAC, which the Court originally relied upon in finding that Plaintiffs had engaged in a fishing expedition. FAC ¶ 116 (stating that Plaintiffs "believe that they are justified to maintain [Defendant] Southwell as a defendant for purposes of discovery"). Moreover, Plaintiffs have repeatedly failed to specify – in their original opposition to the motion to dismiss, in their motion to reconsider, and in their reply – any additional facts or allegations that would cure the deficiencies of the FAC. Absent any indication that, if granted leave to file a third complaint, Plaintiffs would plead new allegations against Defendant Southwell individually, the Court finds that such an effort would be futile. Griggs, 170 F.3d at 880.

### 6. Rule 59(e)

As Plaintiffs do not present any newly discovered facts and do not argue that there has been an intervening change in the controlling law, reconsideration of the Court's Order would only be appropriate if the Order was clearly erroneous or manifestly unjust. Griggs, 170 F.3d at 880. As discussed above, the Order was not clearly erroneous. Likewise, the Court finds unpersuasive Plaintiffs' argument that the Order was manifestly unjust, because it "leaves Plaintiffs without an opportunity to redress Defendant Southwell's tortious acts." Notice of Mot. at

2. This argument, of course, presupposes that Defendant Southwell has, in fact, committed tortious acts. The Court notes that, given multiple opportunities, Plaintiffs have been unable to adequately plead the aforementioned causes of action against Defendant Southwell. The Court finds that any further attempts to do so would be futile and in bad faith. <u>Griggs</u>, 170 F.3d at 880. Accordingly, Plaintiffs' motion to reconsider is denied.

### III.   ORDER

For the reasons set forth above, the Court DENIES Plaintiffs' Motion to Reconsider:

IT IS SO ORDERED.

Dated: March 27, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE